IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ROBERT SHIPLEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AL HOMME,<br><br>　　　　Defendant. | CV 15-00036-BLG-SPW-CSO<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending is Plaintiff Robert Shipley's Motion for Leave to Proceed in Forma Pauperis (*ECF 1*), proposed Complaint (*ECF 2*), Supplement (*ECF 5*), and Motion to Appoint Counsel (*ECF 6*).

## I. MOTION TO PROCEED IN FORMA PAUPERIS

The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).

1

An affidavit of indigency is sufficient if it states a person cannot pay or provide security for court costs and still provide himself and any dependents with the necessities of life. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 203 (1993) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Mr. Shipley submitted the form Motion to Proceed in Forma Pauperis showing that he receives $2,907.00 per month and has monthly expenses in the amount of $2,025.00. *ECF 1*. Thus, he has not made a sufficient showing that he cannot pay the filing fee and still provide for himself with the necessities of life.

While generally a litigant would be given an opportunity to pay the filing fee, the Court deems that unnecessary because "a district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

z"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").  For the reasons explained below, Mr. Shipley's claims fail as a matter of law.  Therefore, the motion to proceed in forma pauperis should be denied.

## II. STATEMENT OF CASE

### A. Parties

Pro se Plaintiff Robert Shipley is a citizen of Montana residing in Miles City, Montana.  The only named Defendant is Al Homme, a city judge in Miles City, Montana. *ECF 2 at 1, ¶¶ 1, 2.*

### B. Factual Background

Shipley alleges Judge Homme recused himself from a misdemeanor case in August 2013 but then "reneged" on the recusal and presided over Shipley's minor traffic infraction jury trial in December 2013. *ECF 2 at 1, ¶ 2.*  He alleges Judge Homme illegally jailed him twice by refusing $510.00 as bail for a minor misdemeanor on

May 22, 2014. He alleges Judge Homme has no lawful jurisdiction of Shipley and so his orders are void on their face. *ECF 2 at 2.*

### III. ANALYSIS

Judges are absolutely immune from liability for their judicial acts. *Butz v. Economou*, 438 U.S. 428 (1978); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).

Two exceptions to judicial immunity exist. The first is where the judge's actions are not taken in a judge's judicial capacity. *Stump*, 435 U.S. 349. In determining whether a judicial act occurred this Court looks to the particular act's relation to a general function normally performed by a judge. *Mireles v. Waco*, 502 U.S. 9, 12-13 (1991). Shipley alleges Judge Homme refused to recuse himself and refused to accept his bail. Right or wrong, these are judicial acts and therefore the first exception does not apply.

The second exception is where the judge's actions are taken in

4

clear absence of all jurisdiction. *Pierson*, 386 U.S. at 554. The Supreme Court has clearly held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, ... however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985); *see also Stump*, 435 U.S. at 356 (holding that because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge" (citations, quotations and ellipses omitted)). When determining whether the second exception to judicial immunity applies, the term "jurisdiction" should be construed broadly, and an act should only be deemed taken in the complete absence of jurisdiction if it was clearly beyond the scope of the judge's subject matter jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986).

Here, although Shipley does refer to Judge Homme acting outside of his jurisdiction, the acts upon which Shipley's allegations are based

were clearly within Homme's jurisdiction as a judicial officer. The second exception to judicial immunity is inapplicable to this case.

In addition, judicial immunity extends to monetary damages and injunctive or declaratory relief. 42 U.S.C. § 1983 specifically provides that "injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Accordingly, all claims against Judge Homme should be dismissed with prejudice.

## III. MOTION FOR PROTECTIVE ORDER

Shipley has also filed what the Court construes as a Motion for Protective Order. *ECF 3*. He states he is seeking protection from the "city government thugs who jail me illegally with impunity." *ECF 3*. In light of the recommendation that this matter be dismissed based upon judicial immunity, the Motion for Protective Order should also be denied.

## IV. MOTION FOR APPOINTMENT OF COUNSEL

In light of the recommendation that this matter be dismissed,

Shipley's Motion for the Appointment of Counsel (*ECF 6*) will be denied.

Based upon the foregoing, the Court issues the following:

## ORDER

Shipley's Motion for Appointment of Counsel (*ECF 6*) is DENIED.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Shipley's Motion for Leave to Proceed in forma pauperis (*ECF 1*) should be DENIED and the Complaint DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. Shipley's Motion for Protective Order (*ECF 3*) should be DENIED.

3. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. At all times during the pendency of this action, Shipley must advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the

action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Dated this 22nd day of May, 2015.

/s/ Carolyn S. Ostby
United States Magistrate Judge